IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Anthony Coleman, | ) |
| | ) Civil Action No. 6:17-cv-02613-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

The plaintiff, Anthony Coleman ("Coleman"), brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court reverse the decision of the Commissioner and remand the case for further review. (ECF No. 26).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. The Commissioner filed objections to the Report (ECF No. 27). Coleman did not reply to those objections, and the time to do so has now run. The matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**

Coleman applied for DIB on February 10, 2014, and for SSI on February 20, 2014. (ECF No. 12-2 at 20). Both applications alleged a disability onset date of March 15, 2013. *Id.* These claims were denied both initially and on reconsideration by the Social Security Administration ("SSA"). *Id.* Coleman then requested a hearing before an Administrative Law Judge ("ALJ"), and on November 8, 2016, the ALJ conducted a hearing on Coleman's claims for DIB and SSI. *Id.* at 34–49. Coleman was represented by counsel at the hearing. *Id.* at 34. On December 14, 2016, the ALJ issued her decision finding that Coleman was not disabled. *Id.* at 17–33.

In her decision, the ALJ found Coleman met the insured status requirements under the Act through June 30, 2013, and that Coleman had not engaged in substantial gainful activity since March 15, 2013, the alleged onset date of disability. *Id.* at 22. The ALJ further determined that Coleman suffered from the following severe impairments: lumbar degenerative disc disease; cervical degenerative disc disease; obesity; and degenerative joint disease of the bilateral hips. *Id.* Additionally, the ALJ determined that Coleman's high blood pressure, peripheral artery disease, alcohol abuse, and reported depression were non-severe impairments. *Id.* at 22–23. She also found that Coleman's cellulitis "does not meet the durational requirement to be considered a severe impairment" and that Coleman did not have a medically determinable impairment of carpal tunnel syndrome. *Id.* at 23. In reviewing all of Coleman's impairments, the ALJ concluded that he did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 22. Additionally, the ALJ calculated Coleman's residual functional capacity ("RFC") and

determined that he could perform light work with various limitations.[2] Because of these limitations, the ALJ determined that Coleman is unable to perform his past relevant work of machine fixer, material handler, or weaver. *Id.* at 26. However, the ALJ determined that based on Coleman's age, education, work experience, and RFC calculation, there were "jobs that existed in significant numbers in the national economy that [he] can perform." *Id.* Accordingly, the ALJ concluded that Coleman was not disabled as defined in the Act. *Id.* at 27.

Coleman subsequently appealed to the Appeals Council and submitted additional evidence in the form of a medical opinion from Nurse Practitioner A. Mearns ("NP Mearns"). *Id.* at 2 – 16. The Appeals Council determined that NP Mearns's opinion "d[id] not show a reasonable probability that it would change the outcome of the decision," and it did not consider or exhibit the evidence.[3] *Id.* at 3. The Appeals Council denied Coleman's request for review. *Id.* at 2–6. Therefore, the ALJ's decision became the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a

---

[2] Specifically, the ALJ concluded that Coleman could lift twenty pounds occasionally; lift ten pounds frequently; sit, stand, and walk up to six hours each in an eight-hour work day; frequently climb stairs; and occasionally balance, stoop, kneel, crouch, and crawl. (ECF No. 12-2 at 24). However, the ALJ determined that Coleman could not use ladders or be exposed to dangerous, moving machinery or unprotected heights. *Id.*

[3] While the Appeals Council did not make NP Mearns's opinion an exhibit in the record, the opinion was provided to this court as a part of the Court Transcript. (ECF No. 12-2 at 10 – 13). Additionally, Coleman's attorney submitted a brief to the Appeals Council on April 24, 2017, detailing why NP Mearns's opinion should be considered. (ECF No. 12-6 at 103). The Appeals Council made this brief an exhibit to the record. (ECF No. 12-2 at 5–6). In that brief, Coleman's attorney describes NP Mearns as "Claimant's treating nurse practitioner." (ECF No. 12-6 at 102).

preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

**DISCUSSION**

In his Report, the magistrate judge recommends that the decision of the Commissioner be reversed and remanded for further consideration. (ECF No. 26). The Commissioner makes the following objections to the Report: (1) that the magistrate judge erred in not addressing Coleman's failure to prove NP Mearns's statement was "new"; (2) that the magistrate judge erred in finding that NP Mearns's questionnaire presented a reasonable probability of a different outcome; and (3) that the magistrate judge erred in recommending a remand pursuant to sentence four for consideration of evidence that the Appeals Council did not incorporate into the record. (ECF No. 27).

In determining whether to grant review of an ALJ decision, the Appeals Council is "required to consider new and material evidence relating to the period on or before the date of

the ALJ decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991). Within this context, "[e]vidence is new if it is not duplicative or cumulative and is material if there is a reasonable probability that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.2d 700, 705 (4th Cir. 2011). In this case, the Appeals Council determined that the medical opinion of NP Mearns, which Coleman had submitted as additional evidence following the ALJ's decision, did "not show a reasonable probability that it would change the outcome of the decision." (ECF No. 12-2 at 3). Therefore, as a threshold matter, the Appeals Council concluded that the opinion was not material, and, accordingly, the Appeals Council did not consider the opinion in determining whether to grant review of the ALJ's decision. *Id.* The opinion was not made an exhibit to the record. *Id.*

As the Commissioner has stated in her objections to the Report (ECF No. 27 at 3), whether the additional evidence was material is an issue of law. *Ledbetter v. Astrue*, 8:10-cv-00195-JDA, 2011 WL 1335840, at *13, n.7 (D.S.C. Apr. 7, 2011) ("'Whether the evidence is new, material and related to the relevant period is a question of law reviewed de novo.'" (quoting *Box v. Shalala*, 52 F.3d 168, 171 – 72 (8th Cir. 1995))). The magistrate judge found that the Appeals Council erred in finding that the opinion was not material (ECF No. 26 at 17), and the Commissioner objected to this finding (ECF No. 27 at 8–10). As the basis for this objection, the Commissioner contends that NP Mearns's opinion is a "conclusory opinion[]," that is not supported by the record and that the opinion fills no "evidentiary gap" in the record. *Id.*

The Commissioner also contends that there is no "evidentiary gap" in the record and that the "ALJ did not mention or otherwise emphasize the lack of an opinion from a treating source." (ECF No. 27 at 10). However, at the time that the ALJ issued her decision, the ALJ only had one medical opinion before her, which came from Dr. Holt, one of Coleman's examining physicians.

5

(ECF No. 12-2 at 25). In giving little weight to Dr. Holt's opinion, the ALJ stated that he did "not give an opinion regarding actual functional limitations" and that "other providers have not observed some of Dr. Holt's observations, such as 'body wide tremor.'" *Id.* As the magistrate judge indicated, NP Mearns's opinion seems consistent with the observations in the discounted opinion of Dr. Holt and also describes functional limitations. Specifically, Dr. Holt indicated that Coleman's pain woke him up at night and averaged an 8/10 on the pain scale; that he could not hold very much weight; that he could only stand or sit for a few minutes; that he used a cane some of the time and had an antalgic gait; that he had trouble rising from his chair and had to hold onto furniture while standing; and that he had to change between a seated and a standing position every five minutes. (ECF No. 12-12 at 25–27). Similarly, in her opinion, NP Mearns determined that Coleman's pain was a 9/10 on a pain scale and worsened at night; that he could never hold over ten pounds and could rarely hold up to that amount; that he could only sit or stand for ten minute durations at a time; that he required a cane or other assistive device when standing or walking; and that he had difficulty arising from his chair during their visits. *Id.* at 10–13.

Additionally, the court notes that in evaluating Coleman's impairments, the ALJ specifically stated that the evidence did not show that "claimant's back pain . . . manifest[ed] itself in any problems ambulating effectively." (ECF No. 12-2 at 23). However, NP Mearns's opinion indicates that Coleman may have difficulty ambulating, as indicated by her determination that he requires a cane or assistive device to stand or walk. *See id.* at 12. Furthermore, in calculating Coleman's RFC, the ALJ stated that he has "never [been] described as disabled or unable to perform all work." *Id.* at 25. NP Mearns's opinion describes various limitations on Coleman's ability to work that have not been included in the RFC calculation,

6

namely more aggressive limitations on the amount of weight Coleman can hold, his inability to sit or stand for long periods of time, his need for frequent breaks and absences, and his inability to crouch, stoop, squat, or twist. (ECF No. 12-2 at 10–13). Accordingly, the court finds that NP Mearns's opinion fills an evidentiary gap in the record and that there is a reasonable probability that the inclusion of NP Mearns's opinion would have changed the ALJ's analysis as to both the RFC and as to the weight entitled to Dr. Holt's opinion. Accordingly, the court agrees with the magistrate judge that the opinion of NP Mearns was material.[4]

The magistrate judge determined that because the Appeals Council erred in finding that NP Mearns's opinion was not material, the case should be remanded. (ECF No. 26). However, the Commissioner contends that because evidence must be both "new and material" to be considered by the Appeals Council, this court must make a determination on whether the opinion was "new" before the case can be remanded.

The Fourth Circuit has held that "the Appeals Council must consider new *and* material evidence relating to the period prior to the ALJ decision in determining whether to grant review." *Wilkins*, 953 F.2d at 95 (emphasis added). Accordingly, the court agrees with the Commissioner that finding that the Appeals Council erred in determining that the opinion was not material is not enough to remand. Though the Appeals Council did not decide whether the opinion was "new" or "relating to the period prior to the ALJ decision," it was not required to make such findings since its determination on materiality was outcome determinative. Nonetheless, such findings are of issues of law, and this court may make them *de novo*. *Ledbetter*, 2011 WL 1335840, at *13, n.7. (citations omitted).

---

[4] While NP Mearns's opinion appears consistent with the opinion of Dr. Holt, the Commissioner is correct that there is evidence in the record that contradicts NP Mearns's assessments. However, it is the role of the fact finder, not of this court, to reconcile and weigh the conflicting and supporting evidence.

First, NP Mearns's opinion, though dated after the decision of the ALJ, specifically states that the symptoms and limitations reported within the opinion have been present since June 24, 2014. (ECF No. 12-2 at 13). Additionally, in the opinion, NP Mearns notes that her treatment of Coleman had been ongoing for one year, with visits occurring every two to three months. (ECF No. 12-2 at 10). Therefore, the court finds that the opinion relates to the period prior to the ALJ decision.

Furthermore, "evidence is new if it is not duplicative or cumulative" of what is already in the record. *Meyer*, 662 F.2d at 705. The Commissioner argues that because Coleman could have obtained NP Mearns's opinion prior to the ALJ opinion that the opinion is, therefore, not "new." (ECF No. 27 at 5). The Commissioner relies on *Sullivan v. Finklestein*, 496 U.S. 617, 626 (1990), which states that evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." (ECF No. 27 at 5 – 6). However, the *Sullivan* court did not expound on what it meant by "available to claimant." The Commissioner argues that NP Mearns's opinion was "available" to Coleman because Coleman had been seeing her for a year at the time of the opinion and could have asked for the opinion previously. *Id.* at 5.

Following the *Finklestein* decision, the Fourth Circuit rejected the same definition of "available" for which Commissioner now argues. *Wilkins*, 953 F.2d at 96 (only requiring that the new evidence be neither duplicative or cumulative). In fact, the argument in the *Wilkins* dissent is virtually identical to the Commissioner's current position. *See Wilkins*, 953 F.2d at 97 (Chapman, dissenting) ("By allowing the proceedings to be reopened and remanded for additional evidence, which is not really new, the majority is encouraging attorneys to hold back evidence and then seek remand for consideration of evidence that was available at the time of the ALJ hearing."). Accordingly, the court is unpersuaded by Commissioner's argument that

Coleman must show more than that the opinion was not duplicative or cumulative for it to be considered "new." As discussed above, NP Mearns's opinion describes various functional limitations that have not been accounted for in the record or in the calculation of Coleman's RFC. Accordingly, the court finds that the opinion is not duplicative or cumulative and is, therefore, "new evidence."

Because NP Mearns's opinion is new, material, and related to the time period in question, the Appeals Council erred in not considering the opinion and in not making it a part of the record. *See Wilkins*, 953 F.3d at 95 (holding that "the Appeals Counsel is required to consider new and material evidence relating to the period on or before the date of the ALJ decision in deciding whether to grant review."). The court notes that this is an unusual circumstance in which the Appeals Council had the new evidence available to it at the time that it denied review of the ALJ's decision but did not make it a part of the record for this court's review. Out of fairness to Coleman, because it was an error of law to not consider and exhibit such evidence, the court finds it proper to treat the opinion as if it had been made a part of the record and consider it on review. *See Wise v. Colvin*, No. 6:13-cv-2712-RMG, 2014 WL 7369514, at *7 (D.S.C. Dec. 29, 2014) (finding it "completely proper" to consider the additional evidence when the Appeals Council erred in not making it part of the record). However, because no fact finder has considered or weighed NP Mearns's opinion in light of the other evidence in the record, the court cannot determine if substantial evidence supports the decision of the Commissioner. Therefore, reversal of the Commissioner's decision and remand under sentence four is required.[5] *Meyer*,

---

[5] Alternatively, a sentence six remand would also be warranted. 42 U.S.C. § 405(g) (stating that the court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding"). The opinion was not in existence at the time the ALJ decided Coleman's case, and counsel timely submitted it to the Appeals Council for review. *See* (ECF No. 12-2 at 36) (stating that counsel

662 F.3d at 707.

## CONCLUSION

Having conducted the required *de novo* review of the issues to which the Commissioner has objected, the court adopts the Report (ECF No. 26) to the extent that it is consistent with this Order and incorporates it herein by reference. Because the court is unable to determine if substantial evidence supports the decision of the Commissioner, the Commissioner's final decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further review consistent with this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 22, 2019

---

was not aware of any relevant evidence that had not been submitted to the ALJ); (ECF No. 12-2 at 13). These facts, coupled with the Appeals Council's error in not considering or exhibiting NP Mearns's opinion constitutes "good cause" for why the opinion is not in the record at this time. *See Wise*, 2014 WL 7369514, at *7 (determining that the Appeals Council's error in not making a document a part of the record was good cause for the absence of the document in the record). Additionally, as discussed above, NP Mearns's opinion is both new and material.